Case 1:10-cr-00286-BMC  Document 55  Filed 06/13/12  Page 1 of 10 PageID #: 212

Case 2:12-2501, Document 2, 06/21/2012, 645824, Page1 of 10

AO 245B    (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| ABDUL WAHID | ) | Case Number: 10cr286 (BMC) |
| | ) | USM Number: 77929-053 |
| | ) | B. Alan Seidler, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  2,3 and 5  of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§1347 | Health Care Fraud | 2/1/2010 | 2 |
| 18 U.S.C.§1028 A(a)(1) | Aggravated Identity Theft | 2/20/2010 | 3 |
| 18 U.S.C.§1341 | Mail Fraud | 1/1/2010 | 5 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    1,4,6,7 and 8    ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/12/2012
Date of Imposition of Judgment

s/ BMC

Signature of Judge

BRIAN M. COGAN                          USDJ
Name of Judge                          Title of Judge

6/12/2012
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: ABDUL WAHID
CASE NUMBER: 10cr286 (BMC)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count Two: 15 Days to be followed by a consecutive term of 15 days in custody.
Count Five: 15 Days to be followed by a consecutive term of 15 days to run concurrent to Count 2
Count Three: 24 Months to run consecutively to the sentence imposed on Counts 2 and 5 for a total sentence of 25 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

DEFENDANT:  ABDUL WAHID                                        Judgment—Page __3__ of __7__
CASE NUMBER:  10cr286 (BMC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

      notification is not possible, then within forty eight hours after such change;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreem ent to act as an informer or a special agent of a law enforcem ent agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall perm it the probation officer to m ake such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ABDUL WAHID
CASE NUMBER: 10cr286 (BMC)

## SPECIAL CONDITIONS OF SUPERVISION

1. Compliance with the Order of Restitution.

2. Full financial disclosure to the probation officer.

3. The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.

Judgment — Page __5__ of __7__

DEFENDANT: ABDUL WAHID
CASE NUMBER: 10cr286 (BMC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ 228,147.40 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Human Resources Adminstration | $203,125.40 | $203,125.40 | 1 |
| Prosecution Division | | | |
| 250 Church St, 4th Flr. NY,10013 Attn:Maria Charon | | | |
| | | | 1 |
| Social Security Administration Debt Mgmt Section | $25,022.00 | $25,022.00 | |
| P.O. Box 2861 | | | |
| Philadelphia, PA 19122 Attn: *Court Refund | | | |
| *make sure last pg. is included with deft SS# | | | |

| **TOTALS** | $ | 228,147.40 | $ | 228,147.40 |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine  ☑ restitution.

☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:10-cr-00286-BMC   Document 55   Filed 06/13/12   Page 6 of 10 PageID #: 217

DEFENDANT: ABDUL WAHID
CASE NUMBER: 10cr286 (BMC)

Judgment — Page __6__ of __7__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __300.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Restitution amount totaling $228,147.40 , is due immediately and payable at a rate of 10% of gross income per month while on supervised release, with interest payment to be waived.
Defendant is ordered to comply with the Amended Forfeiture Order attached to this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 6B — Schedule of Payments

DEFENDANT:  ABDUL WAHID                                  Judgment—Page  7  of  7
CASE NUMBER:  10cr286 (BMC)

## ADDITIONAL FORFEITED PROPERTY

Amended Forfeiture Order enclosed.

SLR:LDM:ES
F#: 2010R00795

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

        -against-

ABDUL WAHID,
      Also known as
      "Maliem Hatakay"

             Defendant.
- - - - - - - - - - - - - - - - - X

AMENDED
FINAL ORDER
OF FORFEITURE

10-CR-0286 (BMC)

WHEREAS, on or about December 15, 2011, the Defendant, ABDUL WAHID, entered a plea of guilty to Counts Two, Three, and Five of the above captioned Indictment, charging violations of 18 U.S.C § 1347, 18 U.S.C § 1028A(a)(1) and 18 U.S.C § 1341;

WHEREAS, the Defendant consented to the forfeiture of one hundred and seventy-five thousand, two hundred and sixty-six dollars and eighty-one cents ($175,266.81) seized on or about April 12, 2010 and/or August 18, 2010 (the "Forfeited Property") from the following accounts held in the name of Abdul Wahid: JP Morgan Chase bank account number 9282157126; Citi Smith Barney account number 344-79798-10; Citi Smith Barney account number 344-16383-10; and Astoria Federal Savings account number 8310603798, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(7) and 28 U.S.C. § 2461(c) as proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1347 and/or as substitute assets, and thus are subject to forfeiture;

2

WHEREAS, on or about January 9, 2012, this Court entered a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(7) and 28 U.S.C. § 2461(c), requiring that the Defendant forfeit all his right, title, and interest in the Forfeited Property;

WHEREAS, legal notice of forfeiture was published in this district on the official government website www.forfeiture.gov for at least thirty (30) consecutive days beginning on January 13, 2012 and ending on February 11, 2012;

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Property, and the time to do so under 21 U.S.C. § 853(n)(2) has expired;

WHEREAS, on or about March 28, 2012, the Court entered a Final Order of Forfeiture, forfeiting the Defendant's interest in the Forfeited Property; and

WHEREAS, upon the government's review of its records, the total amount actually seized and held by the government is $157,361.35, consisting of $41,272.50 seized from Astoria Federal Savings account number 8310603798, $26,536.00 seized from JP Morgan Chase account number 9282157126, $98.65 seized from Citi Smith Barney account number 344-79798-10, and $89,456.00 seized from Citi Smith Barney account number 344-16383-10;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. All right, title and interest in the Forfeited

3

Property is hereby forfeited to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(7) and 28 U.S.C. § 2461(c).

2.    The United States Marshals Service and its duly authorized agents and contractors are hereby directed to dispose of the Forfeited Property in accordance with all applicable laws and rules.

3.    The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

4.    The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Order to the United States Attorney's Office, Eastern District of New York, ATTN: Anthony Lauro, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       May 2 , 2012

s/ BMC

_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE